IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2026

## TERRANCE B. SMITH v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
No. 3593     A. Blake Neill, Judge

_____

### No. W2025-00898-CCA-R3-PC
_____

Petitioner, Terrance B. Smith, appeals from the post-conviction court's denial of a motion to reopen his post-conviction proceeding. Because the notice of appeal in this case fails to satisfy the requirements for an application for permission to appeal pursuant to Tennessee Code Annotated section 40-30-117(c), we lack jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JOHN W. CAMPBELL, SR., JJ., joined.

Terrance B. Smith, Whiteville, Tennessee, Pro Se,

Jonathan Skrmetti, Attorney General and Reporter; Kelly M. Telfeyan, Assistant Attorney General; Jason Lawson, District Attorney General; and Sean Hord, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

Petitioner and co-defendant, Michael D. Pride, were convicted of first degree murder for their April 1998 killing of Raymond Thompson and were sentenced to life imprisonment. *State v. Pride*, No. W1999-01243-CCA-R3-CD, 1999 WL 1097835, at *1 (Tenn. Crim. App. Nov. 29, 1999), *perm. app. denied* (Tenn. June 26, 2000). Their convictions were affirmed on direct appeal, and the supreme court declined review. *Id.*

Following the conclusion of his direct appeal, Petitioner began a pattern of alternating attempts at post-conviction relief in both state and federal courts. He first sought state post-conviction relief between 2000 and 2003, culminating in this court's affirmance of the denial of relief and the supreme court's refusal to review the case. *Smith v. State*, No. W2004-02366-CCA-R3-PC, 2005 WL 2493475, at *9 (Tenn. Crim. App. Oct. 7, 2005*)*. In 2006, he shifted to federal court and filed a petition for writ of habeas corpus, which was denied at every level, including by the United States Supreme Court. *Smith v. Parker*, No. 2:06-CV-02786-JPM-TMP, 2016 WL 2642231, at *1 (W.D. Tenn. May 5, 2016); *Smith v. Parker*, 568 U.S. 852 (2012).

Petitioner later returned to state court in 2020, filing a Rule 36.1 motion to correct an illegal sentence; the trial court summarily denied the motion, and this court affirmed the judgment. *State v. Smith*, No. W2020-01596-CCA-R3-CD, 2021 WL 4932496, at *1 (Tenn. Crim. App. Oct. 22, 2021). Nearly two decades after his initial federal habeas petition, he again sought federal relief in 2023 by applying to the Sixth Circuit for authorization to file a second or successive habeas petition. The court denied authorization, concluding that the legal authorities he invoked were inapplicable. *In re: Terrance Bradley Smith*, No. 23-5024 (6th Cir. July 12, 2023).

The present appeal concerns the post-conviction court's denial of Petitioner's May 30, 2025 pro se motion to reopen post-conviction petition, in which he asserted that *Miller v. Alabama*, 567 U.S. 460 (2012) and *State v. Booker*, 656 S.W.3d 49 (Tenn. 2022), created a new constitutional right that should extend to him despite his being eighteen at the time of the offense. To justify reopening his prior post-conviction proceeding, Petitioner relied on emerging brain-development research, purported newly discovered evidence, and ineffective assistance of counsel.

The post-conviction court held that Petitioner's reliance on *Miller* had already been rejected and that, because he was effectively seeking the creation of a new constitutional right, Tennessee Code Annotated section 40-30-117 provided no mechanism for such relief. *See Smith*, 2021 WL 4932496, at *3.

Petitioner appealed.

**Analysis**

On appeal, Petitioner submits the post-conviction court erred in denying his motion to reopen his prior post-conviction petition. The State responds that because Petitioner has no appeal as of right under Rule 3 and because he failed to comply with the procedural requirements governing appeals from the denial of a motion to reopen, the appeal should be dismissed. The State further argues that the motion was properly denied

because, even assuming *Miller* or *Booker* created a new constitutional right, the motion was filed more than one year after those decisions were issued, and, even if the appeal were construed as an application to vest jurisdiction and deemed timely, Petitioner has not identified any new and retroactive constitutional right that would permit reopening.

This court's jurisdiction is appellate only, and it generally may only review final orders or judgments of a trial court from which an appeal properly lies to this court. T.C.A. § 16-5-108. The Rules of Appellate Procedure govern the nature of appeals which may be pursued by notice to this court. Tenn. R. App. P. 3(b). The plain language of Rule 3(b) does not authorize an appeal as of right from the trial court's order denying a motion to reopen post-conviction proceedings. "A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)." *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017).

A denial of a motion to reopen a post-conviction petition may be reviewed only if the petitioner files an application for permission to appeal in this court within thirty days of the post-conviction court's order. T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28, § 10(B). "The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." T.C.A. § 40-30-117(c); *see also* Tenn. Sup. Ct. R. 28, § 10(B). In *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002) the supreme court identified four statutory requirements that must be met for this court to consider such an appeal: (1) a timely filing, (2) filing in the proper court, (3) filing an application for permission to appeal, and (4) attaching the required documents.

The application has additional requirements. It must include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Id.* at 691. Although the substance of a filing, not its label, determines whether it qualifies as an application for permission to appeal, this court may not suspend the statutory requirements. *Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007). Failure to comply with these requirements deprives this court of jurisdiction.

The post-conviction court denied Petitioner's motion to reopen post-conviction on June 5, 2025. Petitioner filed his notice of appeal with the Clerk of this court on or about June 16, 2025. While the notice was timely filed, it does not provide the entry date and judgment from which Petitioner sought review, the issue which he seeks to raise, and the reasons this court should grant review. Furthermore, the notice of appeal does not otherwise comply with the statutory filing requirements as discussed in *Graham*. Petitioner did not attach to his notice copies of the motion he filed in the post-conviction

court, any response thereto,[1] or the post-conviction court's order. *Graham*, 90 S.W.3d at 691. Consequently, the notice of appeal in this case fails to satisfy the requirements for an application for permission to appeal, and we lack jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

## Conclusion

Based on the foregoing reasons, the appeal is dismissed.


s/**Jill Bartee Ayers**
JILL BARTEE AYERS, JUDGE

---

[1]If a response was filed by the State to the motion to reopen, it is not in the appellate record.